IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| | §  CASE NUMBER 6:06-CR-00103-JCB |
| v. | § |
| | § |
| | § |
| ROBERT BRAMMER, | § |
| | § |

**REPORT & RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

On January 11, 2024, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Robert Brammer. The government was represented by Robert Wells, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk, Federal Public Defender.

Defendant originally pled guilty to the offense of Production of Material Involving the Sexual Exploitation of Minors, a Class B felony. This offense carried statutory maximum imprisonment terms of 30 years. The guideline imprisonment range, based on total offense level of 41 and criminal history category of I, was 324 to 360 months. On May 2, 2007, due to a binding plea agreement, U.S. District Judge Michael Schneider sentenced Defendant to 240 months imprisonment, followed by three year term of supervised release subject to the standard conditions of release, plus special conditions to include compliance with sex offender registration, sex offender treatment and testing, drug abuse testing and treatment, restrictions on unsupervised contact with children under age 18, installation of computer monitoring software, sex offender

1

search condition, restriction on possessing or viewing any sexually explicit material, and financial disclosure.

On November 7, 2023, Defendant completed his period of imprisonment and began service of the supervision term. On November 14, 2023, the conditions were modified in the Eastern District of Texas to include restrictions from portable electronics, internet and internet-capable devices, electronic storage devices, and camera equipment; restrictions against possessing or viewing sexually explicit material as defined under 18 USC 2256(2)(A); participation in sex offender treatment, testing, and paying any costs associating with treatment; submitting to polygraph testing and psycho-physiological assessments and any paying any costs associating with said treatment; and restrictions against any unsupervised direct or indirect contact with any children under the age of 18.

Under the terms of supervised release, Defendant was required to answer truthfully all inquiries by the probation officer, refrain from purchasing or possessing any device with photographic and internet capabilities, not possess any images in any media form that depict sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A), and that Defendant participate in sex offender treatment. In its petition, the government alleges that Defendant violated his conditions of supervised release when he admitted that he was dishonest with the probation officer, admitted to possessing devices used to access sexually explicit material, admitted to viewing sexually explicit material on multiple occasions, and was discharged unsuccessfully from sex offender treatment for failing to comply with the rules of the program.

If the court finds by preponderance of the evidence that Defendant violated the conditions of supervised release as alleged in the government's petition, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon finding of a Grade C violation, the court may (A)

revoke supervised release, or (B) extend the term of supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of I, the Guideline imprisonment range for a Grade C violation is 3 to 9 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade C violations of the conditions of supervision referenced above. In exchange, the government recommended to the court a sentence of 6 months imprisonment, followed by a three-year term of supervision. The government further recommended that the term of supervision include the conditions imposed by the original judgment including all modifications to date and the following additional conditions:

(1) You must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged. This includes taking any mental health medication as prescribed by your treating physician. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing; and

(2) You also shall not gain access to or loiter near school grounds, parks, arcades, playgrounds, amusement parks or other places where children may frequently congregate. The defendant shall neither seek nor maintain employment or volunteer work at any location and/or activity where persons under the age of 18 congregate.

The court therefore **RECOMMENDS** that Defendant Robert Brammer's plea of true be accepted and that he be sentenced to 6 months imprisonment, followed by a three-year term of supervision with the conditions of supervision as set forth above. The court **FURTHER RECOMMENDS** that the place of confinement be FCI Seagoville, Texas, if available. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 11th day of January, 2024.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

Case 6:06-cr-00103-JCB-JDL    Document 54    Filed 01/11/24    Page 5 of 5 PageID #: 204