**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff,** | § | **CASE NO. 6:06-CR-00103-JCB** |
| | § | |
| **v.** | § | |
| | § | |
| **ROBERT BRAMMER,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

**REPORT & RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

On September 10, 2026, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Robert Brammer. The government was represented by Emil Mikkelsen, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Jonathan Hyatt, Federal Public Defender.

Defendant originally pled guilty to the offense of Production of Material Involving the Sexual Exploitation of Minors, a Class B felony. This offense carried a statutory maximum imprisonment term of 30 years. The guideline imprisonment range, with a total offense level of 41 and a criminal history category of I, was 324–360 months. On May 02, 2007, U.S. District Judge Michael H. Schneider[1] adopted a binding plea agreement and sentenced Defendant to 240 months imprisonment, followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include compliance with Sex Offender Registration; participation in Sex Offender Treatment and Testing; participation in drug abuse treatment and

[1] This case was reassigned to U.S. District Judge J. Campbell Barker on November 09, 2023.

testing; restrictions from unsupervised contact with children under the age of 18 without probation officer approval; installation of computer monitoring software on any computers; a Sex Offender search condition; a restriction from possessing or viewing any sexually explicit material; and financial disclosures. On November 7, 2023, Defendant completed his period of imprisonment and began serving his supervision term.

On November 14, 2023, District Judge J. Campbell Barker modified the conditions of supervised release to include restrictions from portable electronics, internet-capable devices, electronic storage devices, and camera equipment; restrictions against possessing or viewing sexually explicit material as defined under 18 U.S.C. § 2256(2)(A); participation in sex offender treatment, testing, and paying any costs associated with treatment; submitting to polygraph testing and psycho-physiological assessments and paying any costs associated with said treatment; and restrictions against any unsupervised direct or indirect contact with any children under the age of 18.

In January 2024, a petition to revoke Defendant's supervised release was filed alleging that Defendant (1) possessed and disposed of a flash drive containing child sex abuse material, (2) viewed that child sex abuse material, (3) was deceptive despite being given multiple opportunities to be honest and (4) was unsuccessfully discharged from treatment for the aforementioned. Defendant agreed to plead true to these allegations and in exchange the government recommended to the court a term of imprisonment of 6 months followed by a new 3-year term of supervised release. The court issued a revocation judgment in accordance with the parties' agreement. Under the new term of supervised release, all previously ordered conditions were imposed including new conditions for mental health treatment and a prohibition on loitering near school grounds, parks, arcades, playgrounds, amusement parks, or other places where children frequent. On April 19,

2024, Judge Barker modified the conditions to include RRC placement due to Defendant's anticipated homeless status upon release from the Bureau of Prisons. On July 7, 2024, Defendant completed his period of imprisonment and began serving his second term of supervised release.

Under the terms of supervised release, Defendant was required to participate in sex offender treatment. Additionally, Defendant was prohibited from possessing or viewing any images, in any form of media or in any live venue, that depict sexually explicit conduct as defined under 18 U.S.C. § 2256(2)(A).

In Allegations 1 and 6 of the petition, the government alleges that Defendant violated his conditions of supervised release as follows: (1) On September 26, 2024, Defendant was unsuccessfully discharged from group sex offender treatment due to his failure to progress, specifically related to a failed polygraph, (2) On November 19, 2024, Defendant was unsuccessfully discharged from individual sex offender treatment due to his failure to progress, specifically related to failed polygraphs and continued viewing of sexually explicit material, (3) On September 26, 2025, Defendant admitted to watching sexually explicit material on an unknown and unmarked DVD he purchased from a thrift store, (4) On January 29, 2026, Defendant admitted to purposefully watching a movie with sexually explicit material in it, and (5) On August 4, 2026, Defendant was again unsuccessfully discharged from individual sex offender treatment for his failure to progress in sex offender treatment.

If the Court finds by preponderance of the evidence that Defendant violated the conditions of supervised release as alleged in the government's petition, Defendant will have committed a Grade C violation. U.S.S.G. § 7C1.1(a). Upon finding a Grade C violation, the Court may revoke supervised release. U.S.S.G. § 7C1.3(b). Considering Defendant's criminal history category of I,

the Guideline imprisonment range for a Grade C violation is 3 to 9 months. U.S.S.G. § 7C1.5. The statutorily authorized maximum imprisonment term is 3 years. 18 U.S.C. § 3583(e)(3).

At the hearing, Defendant pled true to the violations set forth in Allegations 1 and 6 of the government's petition. However, the government and Defendant did not reach an agreement regarding the punishment to be imposed for said violations. The government requested a term of imprisonment of 24 months, an upward departure of 15 months from the upper end of the advisory guidelines range, while Defendant requested a sentence within the guidelines range. In support of its request, the government offered Government's Exhibit #1, a discharge letter from Defendant's sex offender treatment provider dated August 4, 2026. The government also elicited testimony from Michelle Neubauer, Defendant's probation officer, who was subject to direct, cross, redirect, and re-cross examination. Defendant offered Defendant's Exhibit #1, a character letter dated September 10, 2026. Defendant also took the stand and was subject to direct and cross-examination.

To support its position that an upward department is warranted, the government largely relied on (1) the previous revocation of Defendant's supervised release, (2) Defendant's deceptive conduct as shown by the failed lie detector tests, and (3) statements Defendant made in sex offender treatment regarding deviant sexual fantasies and behaviors. In response, Defendant argued that lie detector tests should not form the basis of upward departure because they are unreliable to the point that they are not admitted in court. As to the statements made during treatment, Defendant contended that it defeats the purpose of therapy to use such statements as a basis for an upward punishment departure.

Having considered the evidence and the parties' arguments, the Court finds that an upward departure is warranted but does not find that a 15-month departure from the upper end of the

guidelines range is appropriate. The court reaches this conclusion based partially on the previous revocation for similar conduct in January of 2024. The court does not find that failed lie detector tests and statements made by Defendant during sex offender treatment sessions serve as a basis for an upward departure. However, Government's Exhibit 1, the discharge letter from Defendant's treatment provider, does provide an additional basis for an upward departure. The letter demonstrates that in the treatment provider's opinion, Defendant "may be using treatment information primarily to recognize prohibited conduct and avoid detection or sanctions, rather than to achieve meaningful behavioral change, mange deviant arousal, reduce risk and prevent further victimization." Moreover, the therapist documented that Defendant's discussion of "deviant fantasies and behaviors in treatment has also, at times, appeared to be accompanied by sexual arousal rather than genuine distress, insight, or motivation for therapeutic resolution." These findings lead the court to conclude that rather than striving to make progress in treatment, Defendant sought, at times, to actively thwart treatment goals.

For the foregoing reasons, the court finds that upward departure of nine months from the upper end of the guideline range is appropriate. The court therefore **RECOMMENDS** that Defendant Robert Brammer's plea of true be accepted and that he be sentenced to 18 months imprisonment, with a 5-year term of supervised release to follow. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 14th day of September, 2026.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE